UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

IN RE:

   MARY ELIZABETH SCHMIDT,           Chapter 7

                Debtor(s)                       No.   05-30924
_____/

### ORDER ON OBJECTION TO CLAIMS

THIS CASE came on for hearing on the Debtor's objection to eight (8) proofs of claim filed by John Venn, Trustee, on behalf of creditors who failed to file their claims prior to the claims deadline set by the court.  For the reasons set forth herein, the objections are overruled.

The Court set the deadline for filing proofs of claim for September 1, 2005.  Section 501(c) of the Bankruptcy Code provides that "If a creditor does not timely file a proof of such creditor's claim, the debtor or trustee may file a proof of such claim."  Rule 3004 of the Fed. R. Bankr. P. provides that "if a creditor fails to file a proof of claim …. the … trustee may do so in the name of the creditor, within thirty (30) days after expiration of the time for filing claims .."  In the instant case, on September 28, 2005, within the thirty (30) days provided by Rule 3004, the Trustee filed the following proofs of claim on behalf of creditors who did not timely file their claims:

Claim Number 5:  filed on behalf of Sears in the amount of $732.88;

Claim Number 6:  filed on behalf of Orchard Bank in the amount of $494.36;

Claim Number 7:  filed on behalf of GM Card in the amount of $2,962.53;

Claim Number 8:  filed on behalf of First Premier Bank in the amount of $562.86;

      Claim Number 9: filed on behalf of First Consumers National Bank in the amount of $1,505.10;

      Claim Number 10: filed on behalf of Discover Financial in the amount of $4,355.65;

      Claim Number 11: filed on behalf of Chase Bank, USA NA in the amount of $5,147.50; and

      Claim Number 12: filed on behalf of Capital One Bank in the amount of $3,752.84.

The basis for the Debtor's objection to the above referenced claims is that they were untimely filed and, pursuant to 11 U.S.C. § 502(b)(9), they may not be allowed. In his response, the Trustee cites Rule 3004 and also cites to § 726(a)(3) of the Bankruptcy Code which provides for payment of "any allowed unsecured claim proof of which is tardily filed under § 501(a) of this Title."

      At hearing, Debtor's counsel cited the case of *In re Nettles*, 251 B.R. 899 (Bankr. M.D. FL 2000) for the proposition that the Trustee's motive for filing claims on behalf of creditors can be a basis for disallowing the claims. In *Nettles*, the Chapter 7 trustee filed proofs of claim on creditors' behalf after the thirty (30) day time limit set forth in Rule 3004 had already expired. The Court noted that the primary issue before the Court was whether the thirty (30) day time limit sets an enforceable outer limit for filing claims by the Trustee. *Id* at 251. The Court held that it did, and disallowed the claims on that basis. However, the Court went further and held that although the Trustee may file claims on behalf of creditors, no such duty existed in that case. *Id* at 902. The Court stated that the primary purpose of permitting a debtor or trustee to file a proof of claim is to protect the debtor in situations in which the creditor's claim is non-dischargeable and the Court found that it was clear that the Trustee had filed claims in order to maximize his fee, not to protect the debtor. *Id*. The Court therefore stated that the claims must be disallowed because their purposes would be inconsistent with the objectives of § 501(c) which permits the Trustee to file a proof of claim in this instance.

I do not agree with the interpretation of § 501(c) as set forth in *Nettles*. The statute clearly permits the Trustee to file a proof of claim on behalf of a creditor that failed to file one, and Rule 3004 sets the time limit. If the Trustee complies with that time limit, then there is nothing in either the Rules nor the Bankruptcy Code to support disallowance of the claim. The statute is clear and unambiguous and, as such, any inquiry into its meaning and intent must begin and end with its language. *U.S. v Ron Pair Enterprises, Inc.*, 489 U.S. 235, 240 (1989). The Court's sole duty is to enforce it according to its terms. *Id.* Furthermore, in *Nettles*, the Court found that the Trustee filed the claims in order to maximize his fee. The Debtor has presented no evidence of such a motive in this case. A desire on behalf of the Trustee to distribute available estate funds to creditors whose debts were listed and acknowledged by the Debtor in his filings, and would be discharged by the bankruptcy rather than returning those funds to the Debtor, is sufficient motivation for the Trustee to file claims on behalf of creditors who fail to do so. While the Trustee may not have an affirmative duty to file such proofs of claims, he likewise has no duty to refrain from doing so in order that the Debtor receive a windfall while receiving a discharge in bankruptcy. Accordingly, it is

ORDERED AND ADJUDGED that the Debtor's Objections to Claims No. 5, 6, 7, 8, 9, 10, 11 and 12 are hereby overruled and the claims are allowed as filed by the Trustee.

DONE AND ORDERED at Tallahassee, Florida, this 1st day of December, 2005.

LEWIS M. KILLIAN, JR.
Bankruptcy Judge